**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                               **Case No. 11-40090-01-RDR**

RYLAND PATTON, SR.,

        Defendant.

_____

**O R D E R**

This case is before the court upon defendant's unopposed motion for an extension of time to file pretrial motions. Defendant is charged with possession with intent to distribute crack cocaine within 1000 feet of a public school. To the court's knowledge, this is not a complex or unusual case. Defendant is detained pending trial.

Under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), the court may exclude a period of delay from the time computed under the Act's deadlines for starting a trial if the court finds that the ends of justice served by granting the continuance outweigh the best interest of the public and the defendant in a speedy trial. To make this determination, the court must consider the following factors "among others": 1) whether the failure to grant the continuance would likely make the continuation of the proceeding impossible or result in a miscarriage of justice; 2) whether the case is unusual, complex or contains novel issues which require

additional time for preparation; 3) whether there was a delay in filing the indictment which justifies a continuance; and 4) whether the failure to grant a continuance would deny the defendant reasonable time to obtain counsel, or deny either side continuity of counsel or deny the attorney for the government or defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Most of the factors described above are not relevant to this case. However, the court finds that the denial of the requested continuance may deny counsel the time necessary to adequately represent defendant in this matter, taking into account the exercise of due diligence. The court is aware that defendant's counsel is involved in the defense of a complex criminal action before this court and that defendant's counsel has another case set for trial in this court on November 8, 2011. The court finds that additional time is necessary for counsel to determine whether and what kind of motions to file in this case. Therefore, the court holds that the continuance is in the interests of the public and the parties because it will permit counsel to effectively represent defendant.

In sum, the court finds that the continuance requested is in the interests of justice which outweigh the interests of the public and the defendant in a speedy trial. Therefore, the continuance requested constitutes excludable time under 18 U.S.C. § 3161(h)(7).

Defendant's motion shall be granted and defendant shall be

granted time until December 23, 2011 to file pretrial motions. The government shall have time until January 6, 2012 to respond to the motions. A hearing upon any motions filed shall be scheduled for January 13, 2012 at 10:00 a.m.

**IT IS SO ORDERED.**

Dated this 26th day of October, 2011 at Topeka, Kansas.

                                        s/Richard D. Rogers
                                        United States District Judge